KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You ask two questions concerning the use of certified survey maps under sec. 236.34, Stats.
You ask if the following situation is permitted:
 "The first question concerns the situation where a landowner owns a sizeable parcel of property and creates a plat for part of the parcel which includes more than 4 lots, each of which is 1 1/2 acres, or less, in size. Then the owner comes in with a certified survey map to cover a different part of the same parcel. . . ."
Surveyors consistently have pushed the use of certified survey maps to their limits from the time ch. 236, Stats., was adopted by ch. 570, Laws of 1955. Their popularity is understandable. Certified survey maps are an inexpensive and efficient tool for small surveys. Nevertheless, certified surveys are limited to small, isolated surveys and cannot be used as a substitute for subdivision surveys. The interpretive commentary published with ch. 570, Laws of 1955, made a clear statement on the use of certified survey maps as follows:
 "The purpose of this section is to permit the recording of an accurate map for a land division which does not involve a sufficient number of parcels to constitute a `subdivision' within 236.02 (7). [Present 236.02 (8).] Description of land by reference to such a map has obvious conveyancing advantages. Even more important, an accurate map permits easy location of the boundaries on the land.
 "Originally the certified survey map could be used for no more than 2 parcels. Wis. Stats. 1955 sec. 236.34
(1). But in *Page 295 
1957 by chapter 88 use for as many as 4 parcels was permitted. This has somehow resulted in the impression in some quarters that a landowner who desires to sell numerous lots from a tract can have a series of certified survey maps prepared, each for 4 lots, and thus avoid compliance with the subdivision regulatory provisions of this chapter. This is clearly wrong and such a landowner runs the risk of the serious penalties provided by 236.30 and 236.31. In addition where a certified survey map for 4 parcels has been prepared and filed and then, within the requisite 5 year period, a fifth parcel is divided from the same tract, a subdivision has been created under 236.02
(7) (b). [Present 236.02 (8).]"
Subdivisions are defined by sec. 236.02 (8), Stats., as follows:
 "(8) `Subdivision' is a division of a lot, parcel or tract of land by the owner thereof or his agent for the purpose of sale or of building development, where:
 "(a) The act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area; or
 "(b) Five or more parcels or building sites of 1 1/2 acres each or less in area are created by successive divisions within a period of 5 years."
The interpretive commentary published with ch. 570, Laws of 1955, again is helpful in understanding the definition of the term "subdivision."
 ". . . The present definition includes divisions for the purpose of building development as well as sale. Thus, for example, where, in order to build rental housing or other rental structures, land is divided into more than 4 parcels which meet the 1 1/2 acre limitation, a `subdivision' is apparently created and the provisions of chapter 236 apply. . . .
 ". . . To illustrate the operation of 236.02 (7) (b) in such a usual situation, assume that Landowner sells from the same tract 1 parcel a year for each of 4 years. Each parcel is 1 1/2 acres or less in area. If Landowner now sells a 5th such parcel and does this within 5 years from the time he divided off the 1st parcel, a `subdivision' has been created. . . ." *Page 296 
Your circumstance involves an owner who already has created a subdivision as defined by sec. 236.02 (8), Stats., on his parcel of land. Creation of more lots on such a parcel will be additions to the existing subdivisions and will require subdivision approvals under ch. 236, Stats. The purpose and intent of ch. 236, Stats., is violated where part of a parcel is subdivided as required by ch. 236, Stats., and the remainder of the parcel is divided piecemeal by use of a series of certified survey maps.
You ask further as follows:
 "The second question is also somewhat perplexing. Section 236.31 contains penalties for violating the platting statutes but does not seem to provide penalties for violating a certified survey ordinance, unless subsection 2 would also be applicable to violations of certified survey map ordinances."
Section 236.31, Stats., provides in part:
 "(1) Any subdivider or his agent who offers or contracts to convey, or conveys, any subdivision as defined in s. 236.02 (8) or lot or parcel which lies in a subdivision as defined in s. 236.02 (X) knowing that the final plat thereof has not been recorded may be fined not more than $500 or imprisoned not more than 6 months or both . . . .
 "(2) Any municipality, town. county or state agency with subdivision review authority may institute injunction or other appropriate action or proceeding to enjoin a violation of any provision of this chapter, ordinance or rule adopted pursuant to this chapter. Any such municipality, town or county may impose a forfeiture for violation of any such ordinance, and order an assessor's plat to be made under s. 70.27 at the expense of the subdivider or his agent when a subdivision is created under s. 236.02 (8) (b) by successive divisions."
Section 236.31 (1), Stats., is applicable to the situation you described in your first question, and as interpreted herein sec.236.31(2), Stats., allows injunctive relief for violations of "any provision" of ch. 236, Stats. Section 236.31 (2), Stats., also allows municipal forfeiture ordinances and assessor's plats. Thus, at the very least you may seek injunctive relief to prevent the use of a certified survey map in the situation you described.
BCL:JPA *Page 297